**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067

Andrew B. Altenburg, Jr. (856) 361-2320
U.S. BANKRUPTCY JUDGE

October 19, 2021

<u>**VIA CM/ECF**</u>

| | |
|---|---|
| Moshe Rothenberg, Esq. | Kyle Lamar Bishop, Esq. |
| Law Office of Moshe Rothenberg | DOJ-Tax |
| 880 East Elmer Road | Ben Franklin Station |
| Vineland, NJ 08360 | PO Box 227 |
| | Washington, DC 20009 |

RE:  In re Brian K. Thurston and Leann Starman-Thurston
     Bankr. Case No. 19-29299-ABA

Dear Counsel,

The debtors filed a motion to modify the claim of the Internal Revenue Service ("IRS"), specifically to reclassify the portion of the claim attributable to Shared Responsibility Payments ("SRP") from priority to general unsecured. Doc. No. 75. The IRS opposed the motion and challenged the debtors' standing to bring it. Doc. No. 79. After briefing of the standing issue (Doc. Nos. 81-82), and a hearing held on October 12, 2021, the court finds that the debtors have standing but must raise the issue through an adversary proceeding.

The debtors argue that they have standing because their pecuniary interest is affected by the amount of the nondischargeable priority claim they would be left with if the court rules the SRP is an excise tax, i.e., if the debtors succeed in proving that the SRPs are instead general, unsecured claims, then $6,847 of the IRS's $41,597 claim will be discharged.

The IRS responds that case law in this district only confers standing on a chapter 7 debtor to object to a claim when disallowing the claim would result in a surplus distribution to the debtor, and that the debtor only cited cases outside the districts of the Third Circuit to support his new argument.

The IRS's argument misses the mark. First, the Third Circuit recognizes a "pecuniary interest" standard for standing in bankruptcy. *See In re Rose Color Inc.*, 198 Fed. Appx. 197, 203 (3d Cir. 2006) ("Although Raza may have grievances with his circumstances, the adverse pecuniary effects stem from the fact of his former employer's bankruptcy, not from the particular orders of the Bankruptcy Court at issue."); *In re ANC Rental Corp.*, 57 Fed. Appx. 912, 915 (3d Cir. 2003) ("It is clear that the cases cited by the [chapter 11 debtors] are distinguishable and that [they] have not claimed a sufficiently direct adverse [e]ffect on a pecuniary right to have standing to appeal the Bankruptcy Court's order."); *In re Dykes*, 10 F.3d 184, 188 (3d Cir. 1993) (rejecting standing of chapter 13 debtors to object to a plan because they had no pecuniary interest in the particular allocation of fixed payments). So does the District of New Jersey, *see Forman v.*

*Youngman*, CIV. 13-5877, 2014 WL 2763608, at *3 (D.N.J. June 17, 2014) (defendant in adversary proceeding without pecuniary interest in the bankruptcy proceeding is not "person aggrieved" for purposes of standing to seek relief regarding administration of the estate); as well as other courts within the Third Circuit. *See In re Osinupebi*, 629 B.R. 554, 560 (E.D. Pa. 2021) (stating that standing to appeal a Bankruptcy Court order is limited to "persons aggrieved" by the order, defined as one whose rights or interests are directly and adversely affected pecuniarily by the order) (citing *Dykes*); *In re Vantage Drilling Int'l*, 603 B.R. 538, 545 (D. Del. 2019) (denying standing as appellants did not identify a pecuniary interest that was susceptible to redress by the Bankruptcy Court); *In re Terry*, 543 B.R. 173, 178 (E.D. Pa. 2015) (same as *Osinupebi*).

The debtors cited *In re Toms*, 229 B.R. 646 (Bankr. E.D. Pa. 1999), where the court stated that "[a] second exception to the principle that chapter 7 debtors have no standing to object to claims exists for those claims [that] are not discharged by virtue of section 727." *Id.*, 651. Because the Toms would be obligated to pay a nondischargeable claim, "[they had] a pecuniary interest in the disallowance of the claim. Were the claim disallowed or reduced in amount, the debtor's continuing liability after bankruptcy could be affected." *Id.*

Other courts have so held. *See, e.g., In re Chaitan*, 517 B.R. 419, 426 (Bankr. E.D.N.Y. 2014) (where debtor and creditor agreed that, to extent that claim was valid, it was nondischargeable, the court held that the debtors had standing to challenge the claim "as residual debtors"); *In re Willard*, 240 B.R. 664 (Bankr. D. Conn. 1999) (citing *Toms*).

The IRS cited *In re Gulph Woods Corp.*, 116 B.R. 423, 428-29 (Bankr. E.D. Pa. 1990), for the proposition that a debtor may participate in litigation only where there is no trustee to object or where a disallowance of the claim would produce a surplus for the debtor. However, the court was quoting *In re Silverman,* 10 B.R. 734, 735 (Bankr. S.D.N.Y. 1981), *aff'd,* 37 B.R. 200 (S.D.N.Y. 1982), and did so in a recitation of various courts' positions on bankruptcy standing. Thus, it did not hold that standing is so limited. In fact, it stated that "[u]nless the Code is clear in stating otherwise, we believe it just to accord any party expending the time and financial resources to raise a claim the opportunity for a disposition on a less technical basis." *In re Gulph Woods Corp.*, 430.

Because the Thurstons will be left with a $6,847 greater claim to pay the IRS if the SRPs are not reclassified, they argue that they have a pecuniary interest in the matter, providing standing. However, the injury to the party's pecuniary interest must be direct and not speculative. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 222 (3d Cir. 2004), *as amended* (Feb. 23, 2005); *In re Minor*, 579 B.R. 333, 341 (E.D. Pa. 2016). Here, whether the SRPs are not entitled to priority is speculative, as the court has not determined the issue yet. In contrast, in the cases cited by the debtors, dischargeability was not at issue, just amount. For example, in *In re Zumbach*, BR 12-00787, 2015 WL 1064612 (Bankr. N.D. Iowa Mar. 9, 2015), the chapter 7 debtors objected to the amount of the IRS claim. The court found they had standing due to their pecuniary interest in the remaining nondischargeable debt they would be responsible for.

> 'To the extent that a nondischargeable claim is satisfied in some measure by a distribution, it is in the debtor's interest to maximize that distribution so that the debtor will be relieved from some or all of the claim of that creditor which would survive the bankruptcy case.... [T]he allowance or disallowance of a claim may, under certain circumstances, have an adverse effect on the debtor, regardless of whether the debtor stands to directly receive any funds from the estate. In such cases, the debtor has standing to object to such claims.'

*In re Zumbach*, BR 12-00787, 2015 WL 1064612, at *4 (Bankr. N.D. Iowa Mar. 9, 2015) (quoting *In re Zendeli,* Bankr.No. 10–60669, 2012 WL 1565305, at *1 (Bankr. W.D. Mo. May 2, 2012)).

In *Steffen v. United States* , No. 8:08-cv-2337-T-24, 2009 U.S. Dist. LEXIS 31901, 103 A.F.T.R.2d (RIA) 2009-1932 (M.D. Fla. Mar. 31, 2009), the court held that the chapter 7 debtor had standing to object to the IRS's claim that would not be discharged in the bankruptcy case, noting that the United States did not dispute that the claim at issue was not dischargeable. *Id.*, at *2. *But see In re Cherne*, 514 B.R. 616 (Bankr. D. Idaho 2014), *aff'd,* 1:14-CV-00356-EJL, 2015 WL 5611586 (D. Idaho Sept. 23, 2015), *aff'd sub nom. Matter of Cherne*, 700 Fed. Appx. 716 (9th Cir. 2017) (the parties agreed that if Mr. Cherne were liable as a "responsible person" as the IRS alleged, then the debt would be nondischargeable under section 523(a)(1)).

Here, the IRS's proof of claim constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Nondischargeability depends on whether the SRPs are priority claims under section 507(a)(8), nondischargeable pursuant to section 523(a)(1)(A). Thus, though nominally a reclassification motion, because the assets collected by the trustee are insufficient to pay priority claims in full the real issue is not priority but nondischargeability, albeit determined by whether the SRPs are entitled to priority.

Nondischargeability actions must be brought by adversary proceeding. Fed. R. Bankr. P. 7001(6). The IRS stated during the hearing that it would not waive this procedural requirement. *See In re Denby-Peterson*, 576 B.R. 66, 70 n.1 (Bankr. D.N.J. 2017) (parties may waive the filing of an adversary proceeding); *In re Simonson*, 06-22833 (MBK), 2007 WL 703542, at *3 n.1 (Bankr. D.N.J. Mar. 2, 2007) (suggesting that the court may waive this requirement). Thus, the court must await the debtors' filing of an adversary proceeding before determining the issue. *See In re Toms* (determining that the claim at issue was subject to dischargeability, but withholding conferring standing on the debtors until the creditor's nondischargeability complaint could be adjudicated).

The debtors' motion will be denied without prejudice to the filing of an adversary proceeding seeking the same relief.

Very truly yours,

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

cc: Doug Stanger, Chapter 7 trustee